## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, PLAINTIFF, <br> V. <br><br> EMELIN PAGAN, MAYRA OSORIO AKA MAYRA LOZADA, TARA OSORIO, AND NATALIE OSORIO <br> DEFENDANTS | : CIVIL ACTION NO: <br> : 3:19-CV-01205-JBA <br><br> : <br><br><br><br><br> : NOVEMBER 5, 2019 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | August 5, 2019. |
| Date Complaint Served: | August 28, 2019: Waver of service: Mayra Osorio, Natalie Osorio and Tara Osorio. October 9, 2019: Waiver of service: Emelin Pagan. |
| Date of Defendants' Appearance: | August 15, 2019, Attorney Amy Horowitz for Mayra, Natalie and Tara Osorio. (motion to withdraw pending) |
| | August 20, 2019, Thomas Furniss for Emelin Pagan |
| | September 7, 2019, James S. Brewer, for Mayra Lozada, Tara Osorio and Natalie Osorio |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred by email and telephonically from October 28 to November 1. The participants were Peter Zarella for Jackson National, C. Thomas Furniss for Emelin Pagan and James Brewer for Mayra Osorio, Tara Osorio and Natalie Osorio.

I.  **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **JURISDICTION**

    A.  **SUBJECT MATTER JURISDICTION**

Diversity of citizenship jurisdiction.

    B.  **PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

III. **BRIEF DESCRIPTION OF CASE**

    A.  **CLAIMS OF PLAINTIFF**

This is an interpleader action brought by Plaintiff, Jackson National Life Insurance Company to determine entitlement to life insurance death benefits payable by Jackson to the beneficiaries of Its Insured, Adalberto Osorio. In its prayer for relief, Jackson prays for "[a]n order declaring and adjudging the lawful and proper beneficiary(ies) of the Death Benefit payable under the Policy due to the death of the Decedent".

    B.  **DEFENSES AND CLAIMS OF DEFENDANTS**

       1. The Defendant Mayra Osorio, AKA Mayra Lozada has filed affirmative defenses and cross claims against Emelin Pagan and Natalie Osorio in which she claims, in essence, that "Cross-Defendants Pagan and Natalie pressured Adalberto

2

to change beneficiaries from the former wife, Mayra and daughter Tara to Pagan and Natalie."

2. The Defendant Emelin Pagan, Widow of the late Adaberto Osorio, claims that a certain Change of Beneficiary form executed by her Husband in which he directed the Plaintiff to change the Beneficiary designation on his Life Insurance contract from Mayra Osorio and Tara Osorio to Emelin Pagan and Natalie Osorio is perfectly valid and not subject to challenge or dispute, and that the only legal or factual issue in this case is whether the Change of Beneficiary form complies with the "substantial compliance" test well-established in virtually every jurisdiction, State or Federal, in which a similar factual situation has arisen.

## IV. STATEMENT OF UNDISPUTED FACTS

A. Adalberto Osorio and Mayra Lozada were married in 1977 and divorced on or about May 3, 2001.

B. Mr. Osorio later remarried and his Wife at the time of his Death was Emelin Pagan.

C. At some time during his marriage to Mayra Lozada/Osorio, Mr. Osorio purchased a contract of life insurance in which, at the time of his death, the carrier was the Plaintiff, Jackson National Life Insurance Company.

D. Mr. Osorio died on February 4, 2019.

## V. CASE MANAGEMENT PLAN

### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

3

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

**B.     SCHEDULING CONFERENCE WITH THE COURT**

On October 18, 2019, the parties conferred with the Court before entry of this scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.     EARLY SETTLEMENT CONFERENCE**

On October 23, 2019 the Court referred the case to Magistrate Judge Spector for a settlement conference.

The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     DISCOVERY**

1. The parties anticipate that discovery will be needed on the following subjects:

a. Is there any evidence, clinical or otherwise, written or available verbally at this point in time that, at the time of execution of the Change of Beneficiary form on December 26, 2017, Adalberto Osorio was under any legal or otherwise cognizable mental disability, in any degree, or was subjected to "undue influence" or any form of psychological or mental pressure which resulted in his making the specific provisions he entered on the Change form?

b. Is there any evidence that any Defendant "pressured" or used "undue influence" on Mr. Osorio to get him to sign the Change of Beneficiary form?

c. The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate

objections to any discovery requests with respect to the aforementioned subject or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by **December 14, 2018**.

3. Discovery will not be conducted in phases.

4. The parties have agreed to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. The parties anticipate that plaintiff will require no depositions of fact witnesses and defendant Pagan will require approximately three (3) depositions of fact witnesses. The defendant Lozada will require two depositions. The depositions of fact witnesses may commence at any time after the entry of this Scheduling Order by the Court and will be completed by **December 13, 2019.**

6. The parties may request permission to serve more than twenty-five interrogatories.

7. Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 25, 2019**. Depositions of such experts will be completed by **December 13, 2019**

8. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained

experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 25, 2019.**.

Depositions of such experts will be completed by **December 13, 2019**

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **November 25, 2019**.

10. Undersigned counsel has discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.

Unless otherwise agreed upon by the parties or ordered by the Court, both parties will make available any documents (if requested in the discovery process and otherwise non-objectionable) in electronic format and available for inspection in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-

client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto. In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).

Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is

7

the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

### E. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before **January 24, 2020**.

### F. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty days after the Court rules on any dispositive motion(s) filed by either party. If no dispositive motions are filed, the joint trial memorandum will be filed on or before **February 14, 2020.**

## VI. TRIAL READINESS

If no dispositive motions are filed, the case will be ready for trial by **March 1, 2020.**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DEFENDANT
EMELIN PAGAN

By *[signature]*
C. Thomas Furniss
Fed Bar No. ct00028
C. Thomas Furniss, LLC
248 Hudson St.
Hartford CT 06106
(860) 527-2245
Fax: (860) 241-1032
cthomasfurniss@gmail.com

## CERTIFICATION

I hereby certify that on the above date, a copy of the foregoing was filed electronically on November 5, 2019 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*[signature]*
C. Thomas Furniss