UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JACKSON NATIONAL LIIFE
INSURANCE COMPANY
    Plaintiff

              : CIVIL ACTION NO. 19-cv-01205 (JBA)

VS.

EMELIN PAGAN, MAYRA OSORIO
A/K/A MAYRA LOZADO, TARA
OSORIO and NATALIE OSORIO        : JANUARY 20, 2020
    Defendants

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT
### BY DEFENDANT EMELIN PAGAN

**SUMMARY OF THE ARGUMENT**

The Change of Beneficiary form submitted to the Plaintiff which is in question here clearly and compellingly met the "substantial compliance" [with the form's requirements] standard which is well-established in the case law.

**STATEMENT OF THE FACTS AND OF THE CASE**

1 – 27. Defendant Pagan hereby repeats and adopts as her own allegations the like-numbered paragraphs contained in Plaintiff's Complaint in Interpleader dated August 5, 2019.

28. Defendant Pagan has admitted the allegations of Paragraph 15 of the Complaint. However, as part of the basis for the Motion for Summary Judgment she makes herewith, that entire Paragraph is repeated herein so that she may point out three critical aspects thereof:

> On January 9, 2018, Jackson sent Decedent a letter stating that additional information was needed to complete the requested change of beneficiary. Specifically, Jackson requested a completed form, that Defendant provide a correct policy number on the form, and rectify a discrepancy as to whether Natalie was being named as an irrevocable primary beneficiary. (The letter is attached hereto as Exhibit A.)

29. There are three aspects of the above-quoted paragraph 15 in the Complaint which are critical and, in fact, part of the factual basis for a disposition in this matter.

30. First, as to "[J]ackson requested a completed form". The Owner/Insured did submit a "completed Request Form, signed and dated" [quoting the January 9, 2018 letter]. (The form he submitted is hereto as Exhibit B.)

31. Second, Mr. Osorio was asked to "provide a correct policy number". The form he sent in lists the Policy Number as "VING21477". The Policy Number was "VING021477".

32. Third, the Complaint (as quoted above) lists a "discrepancy as to whether Natalie was being named as an Irrevocable beneficiary in the Change of Beneficiary Form."

The "discrepancy" claimed refers to the mention in the letter that "[Y]ou must designate beneficiary name as Irrevocable beneficiary on the Change of Beneficiary Request Form." The only explanation for Jackson bringing this up is based on Mr. Osorio simply making a mistake — a <u>completely</u> <u>meaningless</u> <u>one</u> — on the form. While the design of the form and the instructions could certainly be more clear, a careful examination reveals that on the second page, the part of the form which constitutes approximately the middle third of it is all related to the first sentence appearing just below the fully=extended underline approximately one-third down the page:

2

> I/we as the policyowner(s) hereby consent to the above designations and revoke all previous beneficiary designations. The effective date of this revocation and change, upon being filed and recorded with the Company, will take effect as of the date the form was signed, unless the policy has been terminated, surrendered, or had a claim filed and/or processed against it before this revocation and change is received by the Company.

Entering the Owner's Spouse's name and signature was not necessary because Connecticut is not a community property state.

And entering his Daughter Natalie's name and signature was also without meaning, because she <u>had not previously been named</u> and therefore was not <u>consenting</u> to anything. If Jackson construed this entry to be a mistaken attempt by Mr. Osorio to make Natalie an Irrevocable Beneficiary - which does appear to be what Jackson thought — why is this material for any reason <u>once he is deceased?</u> And he had clearly indicated the new beneficiaries on the first page of the form — his Daughter Natalie (not as irrevocable) for 55% of the proceeds and his Wife Emelin Pagan for 45%.

33. The Change of Beneficiary form submitted by Mr. Osorio was in substantial compliance with the requirements of the form and of the Life Insurance Policy he carried with Jackson, and should therefore be given the legal effect intended.

34. Pagan hereby claims entitlement to forty-five per cent (45%) of the proceeds of the life insurance policy in question.

### ISSUE

### DOES THE CHANGE OF BENEFICIARY FORM SUBMITTED BY THE INSURED MEET THE WELL-ESTABLISHED "SUBSTANTIAL COMPLIANCE" TEST?

### DISCUSSION

When one beings to research the law on the subject of Defendant Pagan's Claim for Judgment, it is readily apparent and somewhat striking how often courts have had to rule on disputes following the death of the insured in a life insurance policy over who the correct, or legally-positioned, beneficiary actually is. And it is hardly surprising that a substantial portion of these cases involve basic facts very similar to those present in this case: the insured had purchased a contract, or policy, of life insurance, had named his or her then-current spouse as the beneficiary, and had subsequently been divorced and died without (arguably, or possibly) effecting a legitimate or "legal" change of beneficiary to someone else.

Given the various factual backgrounds found in virtually all of these cases - (and the undersigned read and analyzed <u>many</u> of them) - it is important to note at the outset that Mr. Osorio in this case did, or failed to do, <u>none</u> of the things that have been found to be omissions or mistakes held to void or disregard a proposed change of beneficiary. The <u>only</u> things pointed out in the January 9, 2018 letter from the insurance company were: (1) he left one of ten digits out of the policy number - the "0" which was in the middle of the number; and (2) he had his Daughter Natalie, who was named on the first page of the form as Primary Beneficiary of 55% of the proceeds, print and sign her name on the second page in a place which was entirely meaningless.

There are two principal and fundamental requirements consistently appearing in the case law for making an effective change of beneficiary on a life insurance policy. There must

4

be a clear expression of intent to make a particular change, and there must be some concrete, tangible action to put it into effect. As noted in Dooley v. James Dooley Associates, 442 NE 2d 222 (Ill. Supreme Court 1982): "[W]hile certainty of intent is essential it will not suffice without more. There must be a combination of intent to make the change and positive action toward effecting that end." Id 231. (This case is interesting in a way which doesn't play directly into the current discussion because the Decedent James A. Dooley - the Plaintiff was his Daughter - was a retired Justice of the Illinois Supreme Court, the very Court which ultimately decided this case).

As discussed in some detail by the Court, there was essentially no question as to what the Insured's intent was: he wanted to add a number of people, including his Sister and nephews, to the beneficiary designation, in addition to his Daughter, Virginia Ann. And, after his death, it was discovered that he had left more than one note and a letter he had previously received from his CPA on which he had referred to making beneficiary changes, indicating what the intended changes were. But these writings were never communicated to the insurance company on a change of beneficiary form or otherwise, and the Illinois Supreme Court ruled that they simply could not be given effect to change the beneficiary designation.

An earlier Illinois case - Tatelman v. Tatelman, 25 Ill. App. 3d 678 (Ill. App. Ct. 1975) - reached the same conclusion, where a long history of marital disputes, severe estrangement and several clear oral expressions of intent to replace his Wife as beneficiary were not given effect because the Insured simply had not filed any writing with the life insurance company.

A case which is somewhat closer to the factual situation at hand here is Metropolitan Life Insurance Company v. Johnson. 297 F. 3d 558(7$^h$ Cir. 2002). There, the original

5

beneficiary was the insured's Wife. After they were divorced, he filed a change of beneficiary form with the Insurance Company designating his children as beneficiaries. But "[T]he 1996 form contained a number of errors". Id at 559. First, he checked a "box" designating a particular life insurance plan (one of several which could have applied) which wasn't the one he actually had. Second, he listed his mother's address instead of his own; and third, he indicated that he was "separated" from his wife rather than divorced. The ex-wife claimed the proceeds and his children did as well. So Met Life filed an Interpleader action. The Court cited Dooley, supra, for the proposition that "[T]he Illinois doctrine of substantial compliance applies generally to life insurance policy beneficiary designations."

The "ex" claimed that the form should not be given effect because the Insured had not checked the "box" for the correct life insurance plan. But the Court pointed out that Johnson "only owned one life insurance plan, and the 1996 form reflects an intent to change his beneficiary designation on a life insurance plan." Id at 568. The other two "mistakes" were deemed to be inconsequential and had no impact on the Court's decision.

## CONCLUSION

The Change of Beneficiary form filed by the decedent, Adalberto Osorio, should be given effect. The omission of the "0" in the policy number and the gratuitous, unnecessary and meaningless additional mention of his Daughter, Natalie - already a primary beneficiary - on the second page of the form are of absolutely no consequence here.

It is hard to imagine that there could possibly be a stronger example of Substantial Compliance than the steps that were taken here by the Insured.

6

DEFENDANT
EMELIN PAGAN

BY *[signature]*
C. Thomas Furniss
Fed bar #ct00028
C. Thomas Furniss, LLC.
248 Hudson St.
Hartford CT 06106
(860) 527-2245
cthomasfurniss@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on this 20th of January, 2020.

*[signature]*
C. Thomas Furniss